UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
COURT FILE NO.: CV - _____

| | |
|---|---|
| Julie Sylvain,<br><br>　　　　Plaintiff,<br>v.<br><br>Nathanson, Cipriano & Gambardella, PC, Richard Terry, Esq. and Middlesex Hospital,<br><br>　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by this Defendant in its' illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here.

## PARTIES

4. Plaintiff Julie Sylvain is a natural person who resides in the Town of Middletown, County of Middlesex, State of Connecticut and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Nathanson, Cipriano & Gambardella, PC (hereinafter "Defendant Law Firm") is a collection agency operating from an address of 60 Washington Avenue, Hamden, Connecticut 06518 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-2-

6. Defendant Richard Terry (hereinafter "Defendant Terry") is a natural person employed by Defendant Law Firm as an attorney and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Middlesex Hospital (hereinafter "Middlesex") is a hospital located at 28 Crescent Street, Middletown, CT 06457.

## FACTUAL ALLEGATIONS

8. Sometime prior to 2009, Plaintiff's former husband, P. Doe, incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt to Middlesex Hospital in the approximate amount of $889.25.

9. It is alleged by the Defendants that due to certain circumstances, this debt was not repaid and went into default status with the original creditor.

10. Sometime thereafter, the defaulted debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff Julie Sylvain.

11. The Defendants never contacted Julie Sylvain.

12. The Defendants never attempted to validate this debt; the defendants never reviewed their file; the defendants never reviewed the paperwork regarding the debt; the defendants negligently failed to determine that the Plaintiff never owed this debt; the defendants never contacted the Plaintiff in writing; the defendants never contacted the Plaintiff by phone; the Defendants never properly served Plaintiff with any papers in connection with the underlying lawsuit; Defendants never obtained a signature of the Plaintiff on the Confession of Judgment; the Confession of Judgment obtained by the Defendants was never legally binding on the Plaintiff; the Defendants invaded the Privacy of the Plaintiff by contacting Plaintiff's

employer; and the Defendants invaded the Privacy of the Plaintiff by contacting Plaintiff's employer and implying that Plaintiff owed this debt, was irresponsible or was somehow negligent or derelict in paying her bills.

13. The Defendants never attempted to determine the correct address for Julie Sylvain.
14. The Defendants contacted P. Doe at 226 Main Street, Portland, CT.
15. At no time did Julie Sylvain ever reside at that address.
16. At the time this debt was incurred, Julie Sylvain was no longer married to or residing with P. Doe.
17. Defendants allegedly served a lawsuit upon Plaintiff Julie Sylvain that sought full payment on this debt in the amount of $889.25.
18. Plaintiff Julie Sylvain was never properly served with service of process.
19. Defendants never attempted to contact Plaintiff Julie Sylvain after the alleged service of process.
20. Thereafter, P. Doe appeared in court admitted that the debt in question was his debt and his debt alone.
21. The Defendants entered into a stipulated judgment with P. Doe.
22. Julie Sylvain was never notified of the court date never appeared in Court on the court date.
23. Julie Sylvain never entered into a stipulated judgment with the Defendants.
24. From the filing of this lawsuit up until May 22, 2014, Defendants never attempted to make contact with Plaintiff Julie Sylvain or in any way verify this debt.
25. On or about May 22, 2014 the Defendants garnished the wages of the Plaintiff.
26. This was the first notice to the Plaintiff that she had been sued or that a judgment had been entered against her illegally.
27. On or about May 22, 2014, Plaintiff Julie Sylvain contacted Defendant Terry by phone.

28. After advising Defendant Terry that a mistake had been made and that she was not liable on his debt, Defendant Terry advised the Plaintiff that the monies would be returned to her within 48 hours.

29. Plaintiff requested that Defendants verify the debt to insure and corroborate that she was not responsible for this debt.

30. After receiving notice that her wages had been garnished and that no action had been taken by Defendant Terry, Plaintiff retained counsel.

31. After being confronted with these facts by Plaintiffs' counsel, on June 11, 2014, Defendant voluntarily withdrew the underlying action and vacated the judgment in Middlesex County Small Claims Court File SCC-275416 and returned the $415.47 funds that it had earlier wrongfully levied.

32. Defendant Law Firm and Defendant Terry also failed to ever provide Plaintiff Julie Sylvain with the notices required by 15 U.S.C. § 1692g and e(11).

33. The conduct of these Defendants in failing to verify this debt pursuant to the FDCPA, in obtaining a default judgment and in the subsequent taking of her bank funds, as fully described herein, were violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(6), 1692e(8), 1692e(9), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692g amongst others.

### *Summary*

34. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of loss of work time, loss of income, conversion damages, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

35. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of Plaintiff's private financial facts and resulted in actual damages to Plaintiff.

36. Plaintiff was horrified that these Defendants had contacted her co-workers and disclosed to them that she was behind on her bills and suffered extreme embarrassment, emotional distress, and humiliation as a result of this unlawful disclosure.

### *Respondeat Superior Liability*

37. The acts and omissions of Defendant Terry, and the other debt collectors employed as agents by Defendant Law Firm who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Law Firm.

38. The acts and omissions by Defendant Terry and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Law Firm in collecting consumer debts.

39. By committing these acts and omissions against Plaintiff, Defendant Terry and these other debt collectors were motivated to benefit their principal, Defendant Law Firm.

40. Defendant Law Firm is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Connecticut tort law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

## COUNT I – AGAINST ALL DEFENDANTS

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II – AGAINST ALL DEFENDANTS

## WRONGFUL GARNISHMENT

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions by these Defendants in the attempts to collect a consumer debt from Plaintiff violated CGS § 36a-646 and therefore Plaintiff Julie Sylvain is entitled to her actual damages, and, pursuant to CGS § 36a-648 such additional damages as the court may award, not to exceed one thousand dollars, and in the case of any successful action to

enforce liability under the provisions of this subsection, the costs of the action and, in the discretion of the court, a reasonable attorney's fee.

## COUNT III - AGAINST ALL DEFENDANTS

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

46. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

47. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

48. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

49. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

50. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

51. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

52. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

53. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

**COUNT IV - AS TO ALL DEFENDANTS**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. §§ 1692e, et seq**

54. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

55. Defendant's foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, et seq.

56. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages not limited to decreased credit score, out-of-pocket expenses, detriment to her credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

57. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant's $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT V – AS TO ALL DEFENDANTS

## CREDIT DEFAMATION

58. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

59. Defendants' foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

60. Defendants' foregoing actions and omissions were intentional and malicious.

61. As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation decreased credit score, out-of-pocket expenses, detriment to her credit rating and emotional distress.

62. Plaintiff has suffered damages to be determined by this Court.

## COUNT VI – AS TO ALL DEFENDANTS

## NEGLIGENCE

63. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

64. Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

65. Defendants' foregoing actions were negligent.

66. As a result of Defendants' negligence, Plaintiff has suffered actual damages including without limitation diminished credit score, out-of-pocket expenses, detriment to her credit rating and emotional distress.

67. Plaintiff has suffered damages to be determined by this Court.

## COUNT VII – AS TO ALL DEFENDANTS – VIOLATIONS OF THE CONNECTICUT FAIR DEBT COLLECTIONS PRACTICES ACT

68. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

69. Defendants' foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the Connecticut FDCPA, including without limitation, CGS 36a-645 to 36a-648, inclusive.

70. As a result of Defendant's violations of the Connecticut FDCPA, Plaintiff has suffered actual damages not limited to decreased credit score, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages.

71. Under the Connecticut FDCPA, a creditor, as defined in section 36a-645, who uses any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt in violation of section 36a-646 or the regulations adopted pursuant to section 36a-647 shall be liable to a person who is harmed by such conduct in an amount equal to the sum of: (1) Any actual damages sustained by such person, (2) if such person is an individual, such additional damages as the court may award, not to exceed one thousand dollars, and (3) in the case of any successful action to enforce liability under the provisions of this subsection, the costs of the action and, in the discretion of the court, a reasonable attorney's fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 .S.C. § 1692 et seq.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant; for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

### COUNT II

### WRONGFUL GARNISHMENT

for an award of actual and statutory damages against Defendants for Plaintiff Julie Sylvain as a result of the wrongful garnishment pursuant to Connecticut law; and for such other and further relief as may be just and proper;

### COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

for an award of actual damages against Defendants for Plaintiff Julie Sylvain pursuant to Connecticut law; and for such other and further relief as may be just and proper;

### COUNT IV - AS TO ALL DEFENDANTS
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
### 15 U.S.C. §§ 1692e, et seq

for an award of $1,000 in statutory damages and reasonable attorney's fees and costs; and for such other and further relief as may be just and proper;

### COUNT V – AS TO ALL DEFENDANTS

### CREDIT DEFAMATION

Plaintiff requests damages to be determined by this Court and for such other and further relief as may be just and proper;

## COUNT VI – AS TO ALL DEFENDANTS

### NEGLIGENCE

Plaintiff requests damages to be determined by this Court and for such other and further relief as may be just and proper.

## COUNT VII – AS TO ALL DEFENDANTS – VIOLATIONS OF THE CONNECTICUT FAIR DEBT COLLECTIONS PRACTICES ACT

Plaintiff requests damages to be determined by this Court in an amount equal to the sum of: (1) Any actual damages sustained by such person, (2) if such person is an individual, such additional damages as the court may award, not to exceed one thousand dollars, and (3) in the case of any successful action to enforce liability under the provisions of this subsection, the costs of the action and, in the discretion of the court, a reasonable attorney's fee.

Respectfully submitted,

JAMES J. SKELTON, ESQ.

Dated: October 24, 2014

By: James J. Skelton, Esq.
Attorney for Plaintiff
Attorney I.D.#24214

P.O. Box 1409
Fairfield, Connecticut 06825
Telephone: (203) 371-4568
Facsimile: (203) 371-4795
Cell (203) 913-8516
jayskelton@optonline.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CONNECTICUT )
) ss
COUNTY OF MIDDLESEX )

Plaintiff Julie Sylvain, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Julie Sylvain*
Julie Sylvain

Subscribed and sworn to before me
this __ day of October, 2014.

*Gina M. Jones*
Notary Public   Gina M. Jones
My Commission Expires:   04/30/2018